**Slip Op. 02-129**

**UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE: SENIOR JUDGE NICHOLAS TSOUCALAS

_____
                                  :

SKF USA INC., SKF GmbH, SKF FRANCE     :
S.A., SARMA, SKF INDUSTRIE S.p.A. and :
SKF SVERIGE AB,                       :
                                    :

        Plaintiffs,               :
                                    :

        and                      :
                                    :

INA WÄLZLAGER SCHAEFFLER oHG and    :
INA USA CORPORATION,           :   Court No. 00-09-00448
                                    :

        Plaintiff-Intervenors,   :
                                    :

        v.                     :
                                    :

UNITED STATES,                :
                                    :

        Defendant,              :
                                  :

        and                      :
                                  :

THE TORRINGTON COMPANY,       :
                                  :

        Defendant-Intervenor.    :
_____:

Plaintiffs, SKF USA Inc., SKF GmbH, SKF France S.A., Sarma, SKF Industrie S.p.A. and SKF Sverige AB (collectively "SKF"), and plaintiff-intervenors, INA Wälzlager Schaeffler oHG and INA USA Corporation (collectively "INA"), move pursuant to USCIT R. 56.2 for judgment upon the agency record challenging various aspects of the United States Department of Commerce, International Trade Administration's ("Commerce") final determination, entitled <u>Final Results of Antidumping Duty Administrative Reviews and Revocation of Orders in Part on Antifriction Bearings (Other Than Tapered Roller Bearings) and Parts Thereof From France, Germany, Italy, Japan, Romania, Singapore, Sweden, and the United Kingdom</u> ("<u>Final Results</u>"), 65 Fed. Reg. 49,219 (Aug. 11, 2000).

Specifically, SKF argues that Commerce acted unlawfully and without factual support by calculating constructed value ("CV")

profit on a "class or kind basis" and excluding below-cost sales from the CV profit calculation.

INA argues that Commerce unlawfully calculated CV profit by using an aggregated "class or kind basis" and disregarding below-cost sales from the calculation of CV profit.

**Held:** SKF's 56.2 motion is granted. INA's 56.2 motion is granted. The case is remanded to Commerce to: (1) provide a reasonable explanation of why Commerce uses different definitions of "foreign like product" when calculating constructed value; (2) explain the factual setting for the calculations at issue; (3) explain the actual methodology for Commerce's calculation of CV profit; (4) explain why Commerce's chosen methodology comports with the statute and the definition of "foreign like product" contained in 19 U.S.C. § 1677(16) (1994), and particularly the definition in subsection (C); and (5) to recalculate CV profit in a manner consistent with the statute if Commerce is not able to provide such explanations.

[SKF's 56.2 motion is granted. INA's 56.2 motion is granted. Case remanded.]

Dated: October 25, 2002.

Steptoe & Johnson LLP (Herbert C. Shelley, Alice A. Kipel and Carrie A. Rhoads) for SKF USA Inc, SKF GmbH, SKF France S.A., Sarma, SKF Industrie S.p.A. and SKF Sverige AB, plaintiffs.

Arent Fox Kintner Plotkin & Kahn PLLC (Stephen L. Gibson) for INA Wälzlager Schaeffler oHG and INA USA Corporation, plaintiff-intervenors.

Robert D. McCallum, Jr., Assistant Attorney General; David M. Cohen, Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (Velta A. Melnbrencis, Assistant Director, and Claudia Burke); of counsel: David R. Mason, Office of the Chief Counsel for Import Administration, United States Department of Commerce, for the United States, defendant.

Stewart and Stewart (Terence P. Stewart, Geert De Prest and Lane S. Hurewitz) for The Torrington Company, defendant-intervenor.

## OPINION

**TSOUCALAS**, **Senior Judge**: Plaintiffs, SKF USA Inc., SKF GmbH, SKF France S.A., Sarma, SKF Industrie S.p.A. and SKF Sverige AB (collectively "SKF"), and plaintiff-intervenors, INA Wälzlager Schaeffler oHG and INA USA Corporation (collectively "INA"), move pursuant to USCIT R. 56.2 for judgment upon the agency record challenging various aspects of the United States Department of Commerce, International Trade Administration's ("Commerce") final determination, entitled <u>Final Results of Antidumping Duty Administrative Reviews and Revocation of Orders in Part on Antifriction Bearings (Other Than Tapered Roller Bearings) and Parts Thereof From France, Germany, Italy, Japan, Romania, Singapore, Sweden, and the United Kingdom</u> ("<u>Final Results</u>"), 65 Fed. Reg. 49,219 (Aug. 11, 2000).

Specifically, SKF argues that Commerce acted unlawfully and without factual support by calculating constructed value ("CV") profit on a "class or kind basis" and excluding below-cost sales from the CV profit calculation.

INA argues that Commerce unlawfully calculated CV profit by using an aggregated "class or kind basis" and disregarding below-cost sales from the calculation of CV profit.

## BACKGROUND

The administrative review at issue covers the period of review ("POR") from May 1, 1998, through April 30, 1999.[1] Commerce published the preliminary results of the subject review on April 6, 2000. See Preliminary Results of Antidumping Duty Administrative Reviews, Partial Rescission of Administrative Reviews, and Notice of Intent to Revoke Orders in Part of Antifriction Bearings (Other Than Tapered Roller Bearings) and Parts Thereof From France, Germany, Italy, Japan, Romania, Singapore, Sweden, and the United Kingdom, 65 Fed. Reg. 18,033 (Apr. 6, 2000). On August 11, 2000, Commerce published the Final Results at issue. See Final Results, 65 Fed. Reg. 49,219.

## JURISDICTION

The Court has jurisdiction over this matter pursuant to 19 U.S.C. § 1516a(a) (2000) and 28 U.S.C. § 1581(c) (2000).

## STANDARD OF REVIEW

The Court will uphold Commerce's final determination in an antidumping administrative review unless it is "unsupported by

---

[1] Since the administrative review at issue was initiated after January 1, 1995, the applicable law is the antidumping statute amended by the Uruguay Round Agreements Act, Pub. L. No. 103-465, 108 Stat. 4809 (1994). See Torrington Co. v. United States, 68 F.3d 1347, 1352 (Fed. Cir. 1995).

substantial evidence on the record, or otherwise not in accordance with law . . . ." 19 U.S.C. § 1516a(b)(1)(B)(i) (1994); see <u>NTN Bearing Corp. of Am. v. United States</u>, 24 CIT ____, ____, 104 F. Supp. 2d 110, 115-16 (2000) (detailing the Court's standard of review for antidumping proceedings).

**DISCUSSION**

**I.   Commerce's CV Profit Calculation**

**A.   Background**

The enactment of the Uruguay Round Agreements Act, Pub. L. No. 103-465, 108 Stat. 4809 (1994) ("URAA"), which governs the case at bar, introduced a number of changes in the antidumping law. Specifically, the CV provisions relating to profit determination were altered to provide for: (1) a preferable method based upon the actual amounts incurred and realized by the particular party being reviewed, see 19 U.S.C. § 1677b(e)(2)(A) (1994); and (2) alternative methods that are to be used when actual data are not available. See 19 U.S.C. § 1677b(e)(2)(B) (1994). Specifically, Commerce is to rely in its calculations on

> the actual amounts incurred and realized by the specific exporter or producer being examined in the . . . review for . . . profits, in connection with the production and sale of a foreign like product, in the ordinary course of trade, for consumption in the foreign country, [unless,] if actual data are not

available with respect to the[se] amounts . . . , then [Commerce is to rely in its calculations on: (1)] . . . the actual amounts incurred and realized by the specific exporter or producer being examined in the . . . review for . . . profits, in connection with the production and sale [of a foreign like product], for consumption in the foreign country, of merchandise that is in the same general category of products as the subject merchandise[; (2)] the weighted average of the actual amounts incurred and realized by exporters or producers that are subject to the . . . review (other than the exporter or producer described in clause [(1)]) for . . . profits, in connection with the production and sale of a foreign like product, in the ordinary course of trade, for consumption in the foreign country[;] or [(3)] the amounts incurred and realized for . . . profits, based on any other reasonable method, except that the amount allowed for profit may not exceed the amount normally realized by exporters or producers (other than the exporter or producer described in clause [(1)] in connection with the sale, for consumption in the foreign country, of merchandise that is in the same general category of products as the subject merchandise . . . .

19 U.S.C. § 1677b(e) (1994).

The URAA also amended the definition of the term "ordinary course of trade" to provide that below-cost sales that Commerce disregards in the determination of normal value ("NV") under 19 U.S.C. § 1677b(a) (1994) fall outside the "ordinary course of trade." Generally,

[t]he term "ordinary course of trade" means the conditions and practices which, for a reasonable time prior to the exportation of the subject merchandise, have been normal in the trade under consideration with respect to merchandise of the same class or kind. [Commerce] shall consider the following sales and transactions, among others, to be outside the ordinary course of trade: . . . [s]ales disregarded under [19 U.S.C. §] 1677b(b)(1) [(1994)] . . . .

19 U.S.C. § 1677(15) (1994).

Section 1677b(b)(1) provides, in turn, that certain below-cost sales are to be disregarded in the determination of NV. Specifically, it provides that

> [if Commerce] determines that sales made at less than the cost of production[] . . . have been made within an extended period of time in substantial quantities, and [such sales] were not at prices which permit recovery of all costs within a reasonable period of time, such sales may be disregarded in the determination of [NV]. Whenever such sales are disregarded, [NV] shall be based on the remaining sales of the foreign like product in the ordinary course of trade. If no sales made in the ordinary course of trade remain, [NV] shall be based on [CV] of the merchandise.

19 U.S.C. § 1677b(b)(1) (1994).

Moreover, the Statement of Administrative Action, a document that represents an authoritative expression regarding the interpretation and application of the URAA for purposes of United States domestic law, provides that 19 U.S.C. § 1677b(e)(2)(A)

> establishes as a general rule that Commerce will base amounts for . . . profit only on amounts incurred and realized in connection with sales in the ordinary course of trade of the particular merchandise in question (foreign like product). Commerce may ignore sales that it disregards as a basis for [NV], such as those disregarded because they are made at below-cost prices.

H.R. Doc. 103-316 at 839 (1994), reprinted in 1994 U.S.C.C.A.N. 4040, 4175-76.

For this POR, Commerce calculated CV profit for antifriction bearings pursuant to the methodology set forth in 19 U.S.C. § 1677b(e)(2)(A) (1994), "using aggregate data that encompassed all foreign like products under consideration for NV, rather than determining profit on a model-or product-specific basis." Def.'s Mem. Opp'n Mots. J. Agency R. ("Def.'s Mem.") at 2. Specifically, Commerce determined a separate "profit ratio" for SKF and INA by calculating "profit for each sale of the foreign like product in the ordinary course of trade by subtracting all costs and expenses from the home market price." Id. at 8. Commerce then aggregated "the profit for all sales at the same level of trade and divided this [sum] by [SKF and INA's] aggregate cost totals for the same sales." Id. (citation omitted). In Commerce's calculation of CV profit, Commerce also excluded below-cost sales, which it disregarded in the determination of NV pursuant to 19 U.S.C. § 1677b(b)(1) (1994). See id. at 3.

**B.   Contentions of the Parties**

SKF and INA contend that Commerce failed to comply with the plain language of 19 U.S.C. § 1677b(e)(2)(A) when calculating CV profit and, therefore, acted unreasonably and contrary to law. See Br. Supp. SKF's R. 56.2 Mot. J. Agency R. ("SKF's Br.") at 7-10, ; Br. Pl.-Intervenors INA Supp. R. 56.2 Mot. J. Agency R.

("INA's Br.") at 2-3, 7-10. In particular, SKF and INA argue that 19 U.S.C. § 1677b(e)(2)(A) does not permit Commerce to calculate CV profit on an aggregated "class or kind basis" and to exclude sales of merchandise outside the ordinary course of trade.[2] See SKF's Br. at 9; INA's Br. at 5 (citing Issues and

---

[2]     SKF states that "under the post-URAA law, the rules for the CV profit calculation differ depending on whether the calculation is performed on a foreign like product basis[, therefore triggering 19 U.S.C. § 1677b(e)(2)(A)], or is based on the same general category of products as the subject merchandise . . . ." SKF Br. at 9. SKF argues that although Commerce purports to have calculated CV profit in accordance with 19 U.S.C. § 1677b(e)(2)(A), Commerce's class or kind cumulation actually fits within the statutory parameters of 19 U.S.C. § 1677b(e)(2)(B)(i), and that this secondary methodology does not mandate the exclusion of sales outside the ordinary course of trade. See id. at 10. However, "despite [Commerce's] reliance on the [class or kind] bas[is] specified in [19 U.S.C. § 1677b(e)(2)(B)(i), Commerce] nonetheless chose also to impose the ordinary course of trade limitation contained in [19 U.S.C. § 1677b(e)(2)(A)]." Id. Although both methods are "mutually exclusive," SKF maintains that Commerce "cannot lawfully adopt a methodology whereby [Commerce] chooses part of a formula from the first method and another part from the second method." Id.

     SKF further argues that the statutory language of 19 U.S.C. § 1677b(e)(2)(A) "limits the universe of products that may be aggregated for purposes of the CV profit calculation," id. at 11, while 19 U.S.C. § 1677b(e)(2)(B)(i) allows for the use of a broader universe of products. See id. at 12; see also 19 U.S.C. § 1677b(e)(2)(A)(i). Section 1677b(e)(2)(A) of Title 19 requires that the CV profit calculation be an amount equal to the sum of "the actual amounts incurred . . . in connection with the production and sale of a foreign like product," while 19 U.S.C. § 1677b(e)(2)(B)(i) calls for the reliance of "merchandise that is in the same general category of products as the subject merchandise." See SKF's Br. at 11. SKF urges that this difference in statutory language not be ignored. See id.

     Section 1677(16) defines the term "foreign like product" as merchandise identical to the merchandise at issue, similar to the

(continued...)

Decision Memorandum for the Administrative Reviews of Antifriction Bearings (other than tapered roller bearings) and parts thereof from France, Germany, Italy, Japan, Romania, Singapore, Sweden, and the United Kingdom - May 1, 1998, through April 30, 1999 at cmt. 57); see also Def.'s Mem. at Ex. A. SKF and INA assert that Commerce should have relied on an alternative methodology, as provided for in 19 U.S.C. § 1677b(e)(2)(B)(i) (1994), that allows Commerce to calculate CV profit on an aggregate basis and does not limit the CV profit calculation to sales in the ordinary course of trade, thus not excluding below-cost sales in the calculation. See SKF's Br. at 7, 9-10; INA's Br. at 3, 16-17.

Commerce contends that it properly calculated CV profit, pursuant to 19 U.S.C. § 1677b(e)(2)(A), by using aggregate data that encompassed all foreign like products under consideration

---

(...continued)
merchandise at issue and "of the same general class or kind" that may be reasonably compared with the merchandise at issue. See 19 U.S.C. § 1677(16). According to Commerce, the language of 19 U.S.C. § 1677(16) "establishes a descending hierarchy, articulating preferences for the type of foreign like product that Commerce must select for matching purposes . . . [and] Commerce has . . . discretion in determining when to select a particular category of the 'foreign like product.'" Def.'s Mem. at 14. Commerce further contends that the use of the term "foreign like product" in 19 U.S.C. § 1677b(e)(2)(A) does not indicate Congress' intent that Commerce is restricted to using only "identical" merchandise in its CV profit calculation. See id. at 14-15. If such were Congress' intent, Commerce maintains that 19 U.S.C. § 1677b(e)(2)(A) would rarely be applicable. See id. at 15.

for NV. <u>See</u> Def.'s Mem. at 2, 7-8.  Consequently, Commerce maintains that since it properly calculated CV profit, the exclusion of below-cost sales, which it had disregarded in the determination of price-based NV, was also proper.  <u>See</u> <u>id.</u> at 3. Torrington generally agrees with Commerce's contentions.[3]  <u>See</u> Resp. Torrington Co., Def.-Intervenor, Rule 56.2 Mot. Of SKF ("Torrington's Resp.") at 5-15.

### C.  Analysis

The decision of the United States Court of Appeals for the Federal Circuit ("CAFC") in <u>SKF USA Inc. v. United States</u>, 263 F.3d 1369 (Fed. Cir. 2001), provides  that "Commerce cannot give the term 'foreign like product' a different definition (at least in the same proceeding) when making . . . the CV [profit] determination."  <u>SKF USA Inc.</u>, 263 F.3d at 1382.  If differing definitions of the term "foreign like product" are to be used, Commerce must supply a reasonable explanation for this discrepancy.  <u>See</u> <u>Transactive Corp. v. United States</u>, 91 F.3d 232, 237 (D.C. Cir. 1996).  Once Commerce has selected its actual

---

[3]     Torrington disagrees with SKF's claim that two separate issues are pending before the Court.  <u>See</u> Torrington's Resp. at 3 n.3. Torrington contends that SKF's brief merely raises two sub-arguments to a single issue that is pending before the Court.  <u>See</u> <u>id.</u>  The Court agrees with Torrington and will only address the issue of whether Commerce's calculation of CV profit pursuant to 19 U.S.C. § 1677b(e)(2)(A) was reasonable and in accordance with law.

methodology for the calculation of CV profit, "it should explain why its methodology comports with the statute." SKF USA Inc., 263 F.3d at 1383.

Given the complexity of the antidumping statute, the Court relies on Commerce to provide clear explanations of its determinations. See id. at 1382-83. Commerce has not provided such an explanation regarding its CV profit calculation in the case at bar. Specifically, Commerce has not clearly stated which statutory definition of the term "foreign like product" Commerce used in it's calculation of CV profit. "Although the statutory definition of 'foreign like product' is ambiguous in many respects, and Commerce certainly has an important role in resolving those ambiguities and considerable discretion in defining 'foreign like product,' . . . its discretion is not absolute." Id. at 1381. Commerce must provide an explanation of the actual methodology used by Commerce to calculate CV profit, and clearly state what definition of the term "foreign like product" Commerce used in the contested CV profit calculation. See id. at 1382.

In light of the CAFC's decision in SKF USA Inc., 236 F.3d 1369, this matter is remanded to Commerce.

## CONCLUSION

For the foregoing reasons, this case is remanded to Commerce to (1) provide a reasonable explanation of why Commerce uses different definitions of "foreign like product" when calculating constructed value; (2) explain the factual setting for the calculations at issue; (3) explain the actual methodology for Commerce's calculation of CV profit; (4) explain why Commerce's chosen methodology comports with the statute and the definition of "foreign like product" contained in 19 U.S.C. § 1677(16), and particularly the definition in subsection (C); and (5) to recalculate CV profit in a manner consistent with the statute if Commerce is not able to provide such explanations.

_____
NICHOLAS TSOUCALAS
SENIOR JUDGE

Dated:     October 25, 2002
           New York, New York